**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0571-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GIVER J. VASQUEZ,

    Defendant-Appellant.

_____

> Argued March 10, 2026 – Decided April 10, 2026
>
> Before Judges Rose and Torregrossa-O'Connor.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 16-01-0083.
>
> Steven E. Braun, Designated Counsel, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Steven E. Braun, on the brief).
>
> Hudson E. Knight, Assistant Prosecutor, argued the cause for respondent (Linda Estremera, Middlesex County Prosecutor, attorney; Hudson E. Knight, of counsel and on the brief).

PER CURIAM

Defendant Giver J. Vasquez appeals from an August 13, 2024 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

The facts underlying defendant's convictions are straightforward, discussed at length in our prior unpublished opinion affirming his convictions and sentence on direct appeal, State v. Vasquez, No. A-4646-17 (App. Div. Aug 20, 2021) (slip op. at 4-14), and need not be reiterated in the same level of detail. In essence, a jury convicted defendant of murder, stalking, and related weapons offenses following the June 24, 2015 shooting death of his former romantic partner, Alicia Martinez. Id. at 14.

During the five-day trial, the State called multiple witnesses and introduced into evidence inculpatory video evidence. Martinez's best friend, Ericka Loaiza,[1] testified about threatening text messages defendant sent to Martinez. Id. at 9-10. On cross-examination, Loaiza acknowledged Martinez dated other men during her relationship with defendant. See id. at 10. Rene Gonzalez Rojas testified the night before the homicide, while driving Rojas's

---

[1] Loaiza's first name is referenced in the record as "Ericka" and "Erika." Consistent with the trial transcript of her testimony, we use "Ericka."

A-0571-24

car, defendant stopped at a residence, went inside without Rojas, and returned with "a revolver and a box of bullets." Id. at 4-5. Defendant's cellphone video recording, made the same day as the homicide, detailed his intentions to kill Martinez. Id. at 5-6. In his post-arrest Mirandized statement to police, defendant admitted he planned to kill Martinez the day before the shooting. Id. at 14. Surveillance video captured the shooting.

Defendant did not testify or present any evidence on his behalf. During opening and closing statements, trial counsel acknowledged defendant killed Martinez, but strenuously argued "this case speaks of passion/provocation manslaughter." The trial judge issued a passion/provocation jury instruction, largely tracking the model jury charge then in effect,[2] but denied defendant's request to tailor the charge to specify the victim's continuing course of ill treatment could constitute adequate provocation. The judge reasoned the evidence adduced at trial demonstrated defendant preplanned the homicide and did not act in response to a threat of physical abuse.

After merging defendant's stalking and weapons offenses with murder, the court initially sentenced defendant to life imprisonment without parole.

---

[2] See Model Jury Charges (Criminal), "Murder, Passion/Provocation and Aggravated/Reckless Manslaughter (N.J.S.A. 2C:22-3(a)(1) and (2); 2C:11-4(a), (b)(1) and (b)(2))" (rev. June 8, 2015).

Defendant thereafter was resentenced to life imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's convictions and sentence, but remanded for the court to issue an amended judgment of conviction (JOC) reflecting defendant's unlawful possession of a weapon and stalking convictions do not merge with his murder conviction. Vasquez, slip op. at 3. In August 2021, the trial court issued an amended JOC and the Supreme Court denied defendant's ensuing petition for certification. 250 N.J. 385 (2022).

Defendant filed a timely PCR petition, with the assistance of counsel, generally asserting trial counsel's performance was deficient. Thereafter, defendant filed a supplemental certification, expounding upon his claims. In his accompanying brief, PCR counsel raised five points. Pertinent to defendant's reprised claims on appeal, PCR counsel argued trial counsel: failed to adequately explain the ramifications of remaining silent at trial in relation to the passion/provocation jury charge; failed to effectively cross-examine Loaiza about "her pending criminal charges," "criminal convictions," and "propensity to lie"; and committed "structural error" under McCoy v. Louisiana, 584 U.S. 414 (2018), by conceding defendant's guilt over "[defendant's] express and explicit instructions not to do so." Notably, defendant neither claimed his communication with trial counsel was hindered by a language barrier, nor

alleged trial counsel failed to cross-examine Loaiza to determine whether she agreed to testify in exchange for her pre-trial intervention (PTI) enrollment.

In his supplemental certification, defendant asserted he told trial counsel before trial he wished to testify regarding "what [he] was feeling when [he] discovered [Martinez] had been cheating on [him]," but trial counsel "refused and said [he] needed to remain silent." Defendant claimed he "became enraged" when he learned Martinez was sleeping with another man and, "a short time" before "the events of June 24, 2015," he confronted Martinez on the phone and "became extremely upset." PCR counsel annexed to his brief an April 12, 2017 letter from the prosecution to defense outlining the prior convictions and diversionary dispositions of the State's trial witnesses. Relevant here, the State disclosed Loaiza "[wa]s currently enrolled in PTI" for marijuana and weapons offenses charged in an October 2015 Middlesex County indictment and a tampering offense charged in a June 2016 Middlesex County accusation.

In his written decision that followed oral argument on the petition, the PCR judge, who was also the trial judge, denied relief without an evidentiary

hearing. The judge addressed defendant's ineffective assistance of counsel claims in view of the seminal <u>Strickland</u>/<u>Fritz</u> standard.[3]

The PCR judge first rejected defendant's contentions that trial counsel failed to properly address his desire to testify at trial. Quoting the trial record, the judge noted defendant's arguments concerning his decision to testify were "strongly undercut" by his voir dire:

> [TRIAL] COURT: Okay. Have you, and I know [trial counsel] has indicated what your desires were, but I also need to hear it from your mouth as well. Have you made a decision about whether or not you will testify?
>
> []DEFENDANT: I have. And I do not want to testify.
>
> [TRIAL] COURT: Okay. Have you discussed with your attorney your desire to testify? It sounds like you have?
>
> []DEFENDANT: Yes.
>
> [TRIAL] COURT: Have you had enough time to do so? You took some time for that?
>
> []DEFENDANT: Yes.
>
> [TRIAL] COURT: Okay. And now did you make this decision yourself after consulting with [trial counsel]?

---

[3] <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) the deficiency prejudiced defendant's right to a fair trial); <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987) (adopting the <u>Strickland</u> two-part test in New Jersey).

A-0571-24

[]DEFENDANT:  Myself.

[TRIAL] COURT:  Okay.  But you did consult with [trial counsel] to go over everything?

[]DEFENDANT:  Yes, also.

[TRIAL] COURT:  Okay.  Have you been put under any pressure or made any promises or threatened into making this decision?

[]DEFENDANT:  No.

[TRIAL] COURT:  Okay.  And today are you under the influence of any alcohol, drugs, or medication which could affect your ability to think clearly, or understand today's proceedings?

[]DEFENDANT:  I am not with drugs, but I am taking a medicine.

[TRIAL] COURT:  Okay.  Did you take the medicine this morning?

[]DEFENDANT:  No, because they brought me too early.

[TRIAL] COURT:  Okay.  Well, are you thinking clearly today?

[]DEFENDANT:  Yes.

[TRIAL] COURT:  Is the fact that you did not take your medicine this morning affecting your ability to understand what's going on?  Or think clearly?

[]DEFENDANT:  No.

7

[TRIAL] COURT: Okay. And you want me to . . . exercise the second option where . . . I read the jury instructions about your election not to testify, correct?

[]DEFENDANT: Correct.

The PCR judge further noted "trial counsel made it a point to tell this court he spoke to his client about the possible instructions this court may give if he were to testify."[4] The judge found pursuant to the responses to his voir dire at trial, defendant and his attorney demonstrated they "discussed the decision as to whether . . . defendant wanted to exercise his right to take the stand." The judge therefore could not "find that trial counsel was ineffective because [he] failed to discuss with . . . defendant the implications testifying would have on the instructions given by this court to the jury."

---

[4] At trial, counsel explained he spoke with defendant "on several occasions," including the prior day at the jail. Trial counsel elaborated:

[I w]ent over his rights to testify, not to testify, and the possible instructions the court may give to a jury in that regard.

He has indicated to me that he will not testify, and requests the court to indicate to this jury that the fact that he does not testify cannot be taken into consideration in any way, shape, or form, in their deliberations.

The PCR judge next considered defendant's claim trial counsel should have cross-examined Loaiza about her PTI enrollment. Citing State v. Cottle, 194 N.J. 449, 465 (2008), and N.J.S.A. 2C:43-13(d), the judge reasoned charges against a defendant remain pending during PTI enrollment, but are dismissed with the consent of the prosecutor after the program is completed. Because "[e]nrollment into PTI is not an admission of guilt" and, "when enrolled in PTI, the participant has no criminal history related to those charges," the judge found trial counsel could not have attacked Loaiza's credibility on "offenses she did not admit to committing."

The PCR judge also rejected defendant's structural error claim under McCoy. Citing Edwards v. Vannoy, 593 U.S. 255, 274 (2021), the judge found McCoy's procedural rule forbidding attorneys from conceding guilt over their clients' objection did not apply retroactively to defendant's case on collateral review.

Finally, the PCR judge was satisfied "[d]efendant's convictions were not the result of ineffective assistance of counsel but rather the substantial amount of evidence the State presented against [him]." The judge further found, even if trial counsel's performance was deficient, it "was not so deficient as to create a reasonable probability that those deficiencies materially contributed" to

defendant's convictions. Accordingly, the judge denied defendant's request for a hearing.

Before us, defendant renews the following points for our consideration, which we reorganize for ease of reference:

POINT I

TRIAL COUNSEL WAS INEFFECTIVE BY NOT ADEQUATELY EXPLAINING TO DEFENDANT THAT FAILING TO TESTIFY WOULD RESULT IN THE COURT DENYING HIS REQUEST FOR A COMPLETE JURY CHARGE ON PASSION/PROVOCATION MANSLAUGHTER AND BY FAILING TO ADEQUATELY CROSS-EXAMINE . . . LOAIZA REGARDING HER PRIOR CRIMINAL RECORD, [INCLUDING] WHETHER SHE HAD BEEN GIVEN ANY CONSIDERATION BY THE STATE IN EXCHANGE FOR HER TESTIMONY.
[(Partially raised below)]

. . . .

POINT II

STRUCTURAL ERROR OCCURRED WHEN TRIAL COUNSEL CONCEDED DEFENDANT'S GUILT DURING SUMMATION.

For the first time on appeal, defendant argues an evidentiary hearing was required to: (1) determine whether he was able to properly discuss his right to testify with trial counsel in view of his statement to police, which demonstrates

defendant only "haltingly" spoke English; and (2) "address whether the State provided . . . Loaiza PTI as part of an agreement for her testimony."

II.

We review a court's decision denying a PCR petition without a hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013).

Having considered defendant's renewed arguments in view of the applicable law, we conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons stated by the PCR judge in his well-reasoned decision. Having conducted the trial proceedings, the judge was thoroughly familiar with the matter, including the strength of the State's trial proofs. We conclude because defendant failed to make a prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve his PCR claims. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

11

Further, although we could decline to consider defendant's newly-minted contentions, see State v. Robinson, 200 N.J. 1, 20 (2009), for the sake of completeness, we have considered his claims and conclude they lack merit. Indeed, defendant fails to support his claim with any evidence suggesting his language issues hindered his communication with trial counsel, particularly in view of the trial court's voir dire. See State v. Porter, 216 N.J. 343, 355 (2013) (noting a defendant seeking PCR is "not entitled to an evidentiary hearing if the 'allegations are too vague, conclusory, or speculative'" (quoting State v. Marshall, 148 N.J. 89, 158 (1997))).

Nor are we convinced trial counsel failed to adequately cross-examine Loaiza concerning her admittance into the PTI program in exchange for her testimony. Defendant's contention finds no support in the trial or PCR record. Moreover, as the PCR judge correctly concluded, because Loaiza was not required to admit guilt as a condition of her PTI acceptance, "Loaiza did not have a criminal history at the time of trial" and, as such, trial counsel's failure to cross-examine her about her enrollment did not rise to ineffective assistance of counsel.

Lastly, we reject defendant's contention that he was entitled to PCR under McCoy. In that case, the defendant was charged with a triple murder and faced

the death penalty. 584 U.S. at 418. Concluding the evidence against the defendant was "overwhelming," trial counsel conceded guilt during the guilt phase in an attempt to dissuade the jury from imposing a death sentence in the penalty phase. Id. at 418-19. The defendant "vociferously" objected to any admission of guilt and insisted he was innocent. Id. at 417. Over the defendant's objections, the trial court permitted trial counsel to inform the jury the defendant committed the murders. Ibid.

The United States Supreme Court reversed and ordered a new trial. Id. at 428. The Court held the Sixth Amendment guarantees defendants "the right to insist that counsel refrain from admitting guilt, even when counsel's experience-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." Id. at 417. The Court made clear counsel's concession of guilt over the client's express objection is structural error, that is, a defendant need not show prejudice for entitlement to a new trial. Id. at 427-28. However, the Court did not discuss whether its holding applied retroactively to cases on collateral review.

Here, in stark contrast to McCoy, there is no evidence in the record defendant objected to trial counsel's concession defendant shot the victim. In his two sworn statements in support of PCR, defendant did not claim trial

counsel failed to consult him about conceding guilt or conceded guilt against his wishes. Given our conclusion that <u>McCoy</u> is inapplicable to defendant's case, we need not decide whether the decision applies retroactively here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0571-24